**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEE BLANKENSHIP, *et al.*, | ) | |
| | ) | Civil Action No. 3:25-00122 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| WHOLESOME LOGISTICS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| WHOLESOME LOGISTICS, LLC, *et al.*, | ) |
| | ) |
| Third Party Plaintiffs, | ) |
| v. | ) |
| | ) |
| LEE BLANKENSHIP d/b/a | ) |
| L & D TRUCKING CO., *et al.*, | ) |
| | ) |
| Third Party Defendants. | ) |

**ORDER**

The Wholesome Defendants'[1] Motion (Doc. 20) to Dismiss Plaintiffs' claims for punitive damages and demands for attorneys' fees, pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted in part and denied in part. The accompanying Rule 12(f) Motion to Strike the words "reckless," "recklessness" and "bomb" from the Complaint (Doc. 1-1) will be denied.

Plaintiffs do not contest the dismissal of the attorneys' fees demand from the Complaint's prayer for relief. Pl. Br. Opp. (Doc. 23) at 9. Therefore, the motion to dismiss that fee demand is granted.

---

[1] The Wholesome Defendants include Defendants Wholesome Logistics, LLC, Wholesome Transportation, LLC, Wholesome Energy, LLC and Wholesome Food, Inc. *See* Doc. 20. The remaining Defendants have answered the Complaint (Doc. 19) and are not party to this motion.

The motion to dismiss Plaintiffs' punitive damages claim is denied.  Under Pennsylvania law, punitive damages are recoverable where a defendant's actions are of such an outrageous nature as to demonstrate intentional, willful, wonton or reckless behavior.  Hutchison *ex rel.* Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005).  Taking the Complaint's well-pleaded allegations as true, the Court finds that the facts established during the discovery process may establish that punitive damages are appropriate in this case.  Accordingly, dismissal of the punitive damages demand at this early stage of the proceedings is premature.  *See, e.g.*, C.M. v. Am. Honda Motor Co., No. 3:23-CV-00119, 2024 WL 1382760, at *6 (W.D. Pa. Apr. 1, 2024) ("Courts in this circuit have routinely found that, because whether punitive damages are appropriate involves factual determinations that are best made with the benefit of discovery, dismissing punitive damages claims on a 12(b)(6) motion is premature."); DeSimone v. Bullet Express, Inc., No. 5:23-CV-03274-JMG, 2024 WL 7001716, at *1 n.1 (E.D. Pa. Jan. 22, 2024); Guy v. Eliwa, No. 4:23-CV-00412, 2023 WL 5916468, at *6 (M.D. Pa. Sept. 11, 2023) ("The weight of authority in this Circuit has prompted most courts, including this Court, to employ . . . discretion in favor of preserving recklessness claims at the Motion to Dismiss stage."); Rupert v. Ford Motor Co., No. CV 12-331, 2013 WL 12137793, at *5 (W.D. Pa. Mar. 22, 2013) (Bissoon, J.).

For these same reasons, Defendants' Motion to Strike all references to "recklessness" or "reckless conduct" in in the Complaint is denied.  *See* Monroe v. CBH20, LP, 286 A.3d 785, 799-800 (Pa. Super. Ct. 2022) (noting that, under Pennsylvania law, "gross negligence and recklessness are states of mind; they are forms of negligence, not independent causes of action" and emphasizing the importance of discovery in determining "what the defendant knew or

2

should have known about the risk involved"); Guy, 2023 WL 5916468, at *6; Fed. R. Civ. P. 12(f).

Based on the foregoing considerations, and given the generally disfavored status of motions to strike, the Wholesome Defendants' Motion to Strike the use of the word "bomb"[2] from the Complaint likewise is denied. Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is well established that a court should grant a motion to strike only when "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Medevac MidAtlantic v. Keystone Mercy Health Plan, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011) (internal citations omitted). "Indeed, striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." Spiess v. Pocono Mountain Reg'l Police Dep't, No. 3:10CV287, 2011 WL 662977, at *1 (M.D. Pa. Feb. 14, 2011) (citation and internal quotation marks omitted).

Applying this demanding standard, the Court finds that the challenged "bomb" references serve as descriptors of the Wholesome Defendants' alleged misconduct, and do not constitute "redundant, immaterial, impertinent, or scandalous matter."[3] To the extent that the Wholesome

---

[2] By the Court's count, the word "bomb" appears only four times across the 154-paragraph Complaint. See Complaint ¶¶ 72, 88, 109 & 138.

[3] Among other things, the Complaint alleges that the Wholesome Defendants removed plastic PVC plugs from an already unsuitable pump they supplied to Lee Blankenship to transfer hot, liquified animal fat he was transporting, and replaced them with stainless steel hex plugs. While the PVC caps at least were designed to prevent pressure from building up inside of the pump casing, the hex plugs were not, resulting in a destructive blowing apart of the pump when faced with a pressure build-up in this case – similar to a bomb explosion. Complaint ¶¶ 54-92, 109-110. Additionally, the Complaint avers that Plaintiff Lee Blankenship was hit by the shrapnel from the explosion, breaking his leg, similar to shrapnel from a bomb. Id. ¶¶ 91-92, 109-110. At

Defendants fear prejudice at trial, their concerns again are premature.  The parties will, in due course, have an opportunity to seek to exclude from trial any evidence they deem inappropriate. *See* <u>Spiess</u>, 2011 WL 662977, at *2.

Accordingly, the Wholesome Defendants' Motion (Doc. 20) to Dismiss is **GRANTED** to the extent it seeks to dismiss Plaintiffs' attorney fee demand.  The Motion to Dismiss is **DENIED** in all other respects.  The Motion to Strike is **DENIED** in its entirety.  The Wholesome Defendants shall file an answer consistent with Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.

March 30, 2026

_____
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

this stage, the Court cannot conclude that these allegations have no possible relation to the controversy.
.