# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEE BLANKENSHIP, *et al.*,                )
                                          )    Civil Action No. 3:25-00122
              Plaintiffs,                 )
       v.                                 )
                                          )    Chief Judge Cathy Bissoon
WHOLESOME LOGISTICS, LLC, *et al.*,       )
                                          )
              Defendants.                 )

---

WHOLESOME LOGISTICS, LLC, *et al.*,       )
                                          )
              Third Party Plaintiffs,     )
       v.                                 )
                                          )
LEE BLANKENSHIP d/b/a                     )
L & D TRUCKING CO., *et al.*,             )
                                          )
              Third Party Defendants.     )

## **ORDER**

The Motion to Dismiss (Doc. 36) the Third Party Complaint (Doc. 24) filed against Lee Blankenship d/b/a L & D Trucking Co. and L & D Trucking Co. ("Third Party Defendants") by the Wholesome Defendants as Third Party Plaintiffs ("Third Party Plaintiffs")[1] will be granted.

The Court agrees with the Third Party Defendants that the Third-Party Complaint is procedurally deficient under Federal Rule of Civil Procedure 14(a)(1).  Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a ***nonparty*** who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P.

---

[1] The Wholesome parties include Wholesome Logistics, LLC, Wholesome Transportation, LLC, Wholesome Energy, LLC and Wholesome Food, Inc.  *See* Doc. 24.

14(a)(1) (emphasis added).  Third Party Defendant Lee Blankenship, however, also is the lead Plaintiff in this case, and, thus, is not a "nonparty" to this action.  (Doc. 1-1).  Additionally, Mr. Blankenship has provided public records from the West Virginia Secretary of State in support of his admission that he is the sole proprietor of L & D Trucking Co.  *See* Mot. (Doc. 36) ¶ 9 & Ex. C.  It is well established that "a sole proprietorship has no existence separate and apart from its individual owner."  Standard Fire Ins. Co. v. Arnold, 27 F. App'x 125, 126 (3d Cir. 2002); Black's Law Dictionary 1860 (12th ed. 2024) (defining sole proprietorship as "[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity"); 5 C.J.S. Names § 14 (2004); *see also, e.g.,* Mason v. Sailormen Inc., No. 11-637 CAS, 2012 WL 1957413, at *3 (E.D. Mo. May 31, 2012) ("[W]hen a state's law does not consider a sole proprietorship to be a separate legal entity, a suit involving a sole proprietorship must name the owner as the party plaintiff or defendant, and not the sole proprietorship itself.").

The Third Party Plaintiffs do not dispute these general legal principles.  Rather, they take issue with Mr. Blankenship's documentation, citing a disclaimer on the West Virginia business portal stating that while "[t]he West Virginia Secretary of State's Office makes every reasonable effort to ensure the accuracy of information. . . . [it] make[s] no representation or warranty as to the correctness or completeness of the information.  If information is missing from this page, it is not in the West Virginia Secretary of State's database."  Br. Opp. (Doc. 39) at 13-14.  Third Party Plaintiffs argue that this disclaimer casts doubt on the information's veracity and precludes the Court from accepting Mr. Blankenship's representations at this stage of the proceedings.  Id.

The Court disagrees.  Federal Rule of Evidence 201 permits district courts to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.

201(b)(2).  The public records Mr. Blankenship has supplied from the West Virginia Secretary of State's database fit these parameters precisely.  Indeed, numerous courts have taken judicial notice of similar records.  *See, e.g.*, *In re* Palmer, No. 3:25-BK-00009, 2025 WL 2964373, at *6 (Bankr. N.D.W. Va. Oct. 20, 2025) ("The Court takes judicial notice that the Office of the West Virginia Secretary of State shows the following active LLCs as the Debtor's entities."); JLT501C3.CO v. W. Va. State Auditor's Off., No. 2:25-CV-00118, 2025 WL 1184659, at *1 (S.D.W. Va. Apr. 1, 2025) ("The undersigned takes judicial notice that Plaintiff is registered with the West Virginia Secretary of State as a 501(c)(3) corporation."), report and recommendation adopted, No. 2:25-CV-00118, 2025 WL 1184119 (S.D.W. Va. Apr. 23, 2025); Young v. Affliction Holdings, LLC, No. 5:16-CV-11342, 2017 WL 2272075, at *3 (S.D.W. Va. May 24, 2017) (courts may take judicial notice of public records maintained by the West Virginia Secretary of State and accessible to the public on the secretary of state's website without converting a motion to dismiss to a motion for summary judgment); Wilson Works, Inc. v. Great Am. Ins. Grp., No. 1:11-CV-85, 2011 WL 13228274, at *1 (N.D.W. Va. July 20, 2011) ("[T]aking judicial notice of the fact that AIG is not licensed to do business in the state of West Virginia is proper. . . . because the fact is 'not subject to reasonable dispute' because such a 'determination can be made by' resort to the West Virginia Secretary of State Website . . . and the West Virginia Department of Insurance Website . . . , 'whose accuracy cannot be reasonably questioned.'" ).

Mr. Blankenship's "doing business as L & D Trucking Co." designation does nothing to cast doubt on his sole proprietorship status.  Indeed, West Virginia requires "d/b/a" registration for a sole proprietor seeking to do business under a fictitious name.  *See* W. Va. Code, § 47-8-2; *see also* 65 C.J.S. Names § 14 ("When an individual does business as a sole proprietorship under

a different name, the individual remains personally liable for all the obligations of the business. Doing business under another name does not create an entity distinct from the person operating the business or even a different capacity of the individual sole proprietor."). For the reasons set forth in the Third Party Defendants' Reply Brief, L & D Trucking's motor carrier designation similarly is of no moment. *See* Reply Br. (Doc. 40) at 4 (citing 49 U.S.C. § 13102(14)).

Finally, the Court notes that the Third Party Complaint nowhere defines Mr. Blankenship or L & D Trucking Co. as any other form of corporate entity. Tellingly, the pleading states only that "Lee Blankenship d/b/a L & D Trucking Co. and L & D Trucking Co., at all relevant times hereto, were West Virginia companies with principal places of business located at 1468 E. Ridge Road, Mathias, West Virginia 26812." [2] Third Party Complaint (Doc. 24) ¶ 8; *see also* id. ¶ 9 ("Third Party Defendants were a commercial trucking company."); ¶ 10 ("At all times relevant hereto Plaintiff, Lee Blankenship, was the owner and employee of Third Party Defendants."). These allegations are consistent with the original Complaint, in which Mr. Blankenship identifies himself as the "owner of L & D Trucking Co." and identifies "Plaintiff Blankenship/L & D Trucking" as the relevant contracting party throughout. *See* Complaint (Doc. 1-1) ¶¶ 4, 22-24, 39, 44-45; *see also* Reply Br. (Doc. 40) at 2-3; Third Party Complaint (Doc. 24) Exs. E, F.

The Court understands the Wholesome parties' desire to preserve any claims against L & D Trucking Co. However, given Mr. Blankenship's express admission that L & D Trucking Co. is a sole proprietorship and that he would be personally liable for any damages arising from the events in this case, the Court is hard-pressed to envision a scenario in which Mr. Blankenship could or would disclaim liability for the actions of L & D Trucking in this case. Nor would the

---

[2] This address is consistent with the address listed with the West Virginia Secretary of State. The fact that this address differs from Lee Blankenship's stated residence address (Complaint ¶ 1) is of no legal moment. S*ee* Reply Br. (Doc. 40) at 4-5.

Court tolerate such gamesmanship.  Because L&D Trucking Co. is a sole proprietorship with no separate legal existence from Plaintiff Lee Blankenship, and Lee Blankenship already is a party to this action, there is no basis for the third party joinder of him or L & D Trucking Co.[3]

For all of these reasons, the Third Party Defendants' Motion to Dismiss (Doc. 36) the Third Party Complaint (Doc. 24) is **GRANTED**.  Because amendment of the Third Party Complaint would be futile, leave to amend is denied.  This dismissal is without prejudice to the Wholesome Defendants' ability to advance their arguments against Mr. Blankenship d/b/a L & D Trucking Co. via counterclaim or affirmative defense.

IT IS SO ORDERED.

March 30, 2026

Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[3] Because the Court finds that the Third Party Complaint is improper under Rule 14, it does not reach the merits of Third Party Defendants' remaining arguments.

5